Good morning and may it please the court. Hany Fakhoury of the Federal Public Defender's Office on behalf of Appellant and Defendant Davey Hudson and I would like to reserve two minutes for rebuttal. The statutory language at issue in this case in Title 18 U.S. Code Section 2252b2 has been called by the Supreme Court inartful, hardly intuitive, odd and inelegant. Two judges of this court have the term sexual abuse of a minor are awkward and create a needlessly confusing rule of law that has no compelling or principled rationale and this court has adopted two different ways to interpret one legal phrase, the phrase relating to. The Supreme Court has explained that the failure of persistent efforts to establish a standard can provide evidence of unconstitutional vagueness and that is precisely what happens in this case and precisely the we've laid out in our brief, your honor, we believe the statutes unconstitutionally vague and the only way to avoid declaring the statute unconstitutionally vague under principles of constitutional avoidance would be to interpret the phrase, quote, relating to the laws of any state relating to aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor award, end quote, as requiring a strict categorical match with the offenses listed in title 18 U.S. Code sections 2241 to 2243. Counselor, where in your briefing do you argue or even state that 2252b2 failed to put your client on notice, that his conduct fell within its scope? Well, we raised it in our opening brief as one of the examples of the constitutional vagueness issue, specifically the idea that the law has to give ordinary people fair notice of what... Well, I know, but as I read your brief, I mean, I looked all over in your briefing that your client was somehow not on notice that his conduct fell within the scope of 2252b2. At the time your client committed this crime, Farmer was on the book. And it was clear that the conviction under 288a categorically qualified as a prior conviction under 2252a b2. And that's a provision which is ecstatically the same operative language as 2252b2. So it was clear that his conduct would fall within this scope. So if that's true, if that's true, then if I look at U.S. v. Sabo, I don't know how you win this case because you can't come in and argue that this statute is not good for what's going to look in the future. You've got to say as it applies to your conduct and the conduct of you. And at the time that this crime was committed, there's no question 2252b2 was going to read just as it's been applied by the District Court. Well, Your Honor, I think Your Honor is getting at this tension between the ability to raise a facial vagueness challenge and an as-applied vagueness challenge. And I would start by saying, to be clear, Mr. Hudson is raising a facial challenge. And also to be clear, and we filed a response to the government's 28j on this point that was filed a week or two weeks ago, Mr. Hudson absolutely can raise a facial challenge. And the courts have noted that in the Supreme Court itself, as well as this court, have noted that when dealing with a the categorical analysis, a defendant can raise a facial challenge to the statute. So the issue, as I see it, how do I deal with this language in Zabo? Let me read it to you. A court considers whether a statute is vague. Now we're talking vague here, as applied to a particular state of facts at issue for one who engages in some conduct that is clearly prescribed, cannot complain of the vagueness of the law as applied to the conduct of others. That's what Zabo says. And what we have in front of us, the only way for me to help you is to ignore Farmer and adopt an approach which is expressly rejected by which would be applicable to others. So I'm just asking you, how do I get there? Well, I think the court gets there by recognizing that the Supreme Court's decisions in Johnson, DiMaia and Davis, which dealt with have anything to do with these. Well, Your Honor, I would say that they do in the sense that those were cases involving defendants whose conduct was clearly covered by the to take a look at a facial challenge to a statute that prescribed statutory mandatory minimum penalties for recidivists and nonetheless found that a facial challenge was permissible and ultimately threw out the the challenge statute. And this is precisely this. But you concede that Farmer applies. I can see reaches the same result. So does Sullivan. Farmer Farmer absolutely applied at the time Mr. Hudson committed the offense and it absolutely applied at the time he was sentenced. And we'd never disagreed with that and conceded the point before the district court. But we pointed out that what Farmer never did and what this court has actually never done at all is look at whether the statute is unconstitutionally vague. And if the statute is unconstitutionally vague, then Farmer is effectively irrelevant because then there would be a constitutional problem. And just as the Supreme Court's decisions and Johnson and DiMaia and Davis throughout all sorts of case law from all of the circuit courts that previously would have applied, it would be the same outcome in this case. In other words, in our view, the Supreme Court's decisions on the residual clause, particularly where there has been no discussion by this court or this court's never addressed the issue as it pertains to 2252 B2 sort of brings us to a new day where these sorts of challenges can be considered and addressed. And if the court kind of looks at it in that framework, then we feel that it's clear the statute's vague because it provides to give it fails to provide ordinary notice to people. And as the concurring opinions and Farmer noticed, it leads to arbitrary law enforcement because there's no clear standards that govern when the mandatory minimum applies and when it doesn't apply. And that's exact again, the same exact problem with the residual clauses addressed by the Supreme Court and Johnson, DiMaia and Davis. The absence of a clear standard that helps courts decide when to apply a 10 year mandatory minimum provision and when not to apply it. And I, you know, the problem is particularly compounded by the way the court has interpreted the varying terms that issue here. So there is multiple definitions of sexual abuse of a minor. There's multiple definitions of the phrase relating to and when the two work together, particularly when they're supposed to work as a substitute for the much stricter categorical approach. That's where the vagueness challenge comes. I want to save the remainder of my time for rebuttal unless the court has other questions and wants me to address now. Thank you. Thank you, counsel. Good morning and may it please the court. Matthew Yellovich for the United States. This court should affirm for two reasons. First, Farmer controls this case. It's directly on point and it remains good law. Second, section 2252B2 is not unconstitutionally vague. It lacks all of the conspiring features that doomed the residual clause in Johnson. Starting with prior cases in the United States versus Farmer, this court decided that a prior violation of California Penal Code section 288A is categorically one relating to sexual abuse because it always involves the sexual touching of a child under the age of 14. In so doing, the court joined a long line of cases in this circuit holding that this precise state predicate relates to sexual abuse regardless of the context, whether it's the immigration context or the guidelines or here in the recidivist enhancement. Yes, Judge. Thank you. And thank you for pausing. So one of us can ask a question. It's clear, isn't it, that on whether there's a categorical match, we're bound by Fisher and its progeny, right? It's clear as to whether this state statute is a categorical match to sexual abuse. The court is bound by Farmer. Yes, Your Honor. Does that relieve us of the responsibility to address the due process vagueness contentions that Mr. Hudson raises? No, Your Honor. The constitutional claim has not been adjudicated by this court, and it should be rejected on the merits, both because this defendant cannot establish that it was vague in his case, but also because this statute doesn't have the conspiring features that rendered the residual clause unconstitutionally vague in Johnson. In particular, going straight to the merits of that, the Supreme Court focused extensively on the fact that the residual clause required courts to engage in an imaginary exercise as to what the ordinary case is, and as to the ordinary case. And the Section 2252b2 sentencing requires neither of those two conspiring features. It involves merely a comparison of the predicate offenses elements and looking at the elements of the federal generic offense. And if the two are related, then the statutory recidivist enhancement applies. And the differences are critical. I mean, as the Supreme Court said in DiMaia, you know, many perfectly constitutional statutes use imprecise language like substantial risk. And indeed, in Johnson, the court pointed out that if either of the two conspiring features had occurred in isolation, the residual clause would have been constitutional. And so the fact that this statute doesn't require either of the two things that the Johnson court found dispositive as to that statute shows that this vagueness challenge fails on the merits, in addition to it not having any textual similarity to the residual clause, and being completely bereft of decisional support. I mean, the defendant here cites not a single case holding this statute unconstitutional and doesn't point to cases where courts have struggled to implement this statute at sentencing, which is a sharp contrast to the Johnson case where the Supreme Court pointed out the pervasive disagreement in the lower courts that showed the hopeless indeterminacy in the court's words of implementing the residual clause. And so for those reasons, his claim fails on the merits. And as the district court correctly did, this court should reject it as well. If there are not questions on the vagueness challenge, I would just turn to a final point before yielding my time, which is, you know, at the end of the day, the and trying to get this court to construe that phrase, akin to the way it is construed in section 2243, the federal statute, which would limit the coverage of the recidivist enhancement to convictions that only involve victims between the ages of 12 and 16. And that is an absurd result. It takes a law that was passed to protect kids from dangerous repeat child sex offenders and excludes from its coverage convictions involving the most vulnerable victims, children under the age of 12. It would render Mr. Hudson, who stands convicted of fondling an 11-year-old's genitals over a five-month period, a person, a child he was entrusted to coach, a first-time sex offender as he stands here today. And that defies common sense. It is not the law that Congress wrote or intended, and it should be rejected and the sentence should be affirmed. If there are no further questions, I'll yield my time. Thank you, Your Honor. Thank you, counsel. And we have time for rebuttal. Thank you, Your Honor. I'll start with the last point about the absurd result. The government itself concedes that this court has to address the constitutional issue, regardless of farmer. So that speaks to Judge Smith's questions about whether farmer controls, and the government itself admits it does not. But to the absurd result part, there's a clear fix to the problem, which is Congress could rewrite the statute to make it cover what the government wants it to cover. Congress could rewrite the statute to say anyone who is a registered sex offender who commits a federal sex offense should receive a 10-year mandatory minimum sentence. And then I wouldn't be here arguing that the statute's vague. But instead, what the problem is in this case is that we have two competing definitions of one set of statutory terms. And I would, again, disagree with the government's characterization that there is not pervasive disagreement about these terms. There's actually a lot of pervasive disagreement. In terms of the sexual abuse of a minor framework, as our brief mentioned, the concurring judges and farmer itself noted that the law was from within the circuit and in the district courts who found this confusing. As to relating to, there's a circuit split on how to interpret that phrase. And so I disagree that there's not, hasn't been the same problems that were present with the residual clause. Those problems exist. And when those two problems, meaning the competing definitions of sexual abuse of a minor and relating to are combined together, it creates this vagueness problem that should be remedied by, well, in our view, it makes the statute unconstitutional and should be remedied by either by adopting our alternative interpretation or directing Congress, which I know the court can't essentially direct Congress to do anything, but Congress can fix the problem by writing a clear, non-vague statute. And my time is up. Thank you, Your Honor. Thank you, counsel. The case is submitted.
judges: Hawkins, N.R. Smith, Nelson